**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kevin Jessup,<br><br>                                   Plaintiff,<br>    -v-<br><br><br>Better Body Auto Collision LLC, and<br>Sharon Minott,<br><br>                            Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

Plaintiff Kevin Jessup ("Plaintiff" or "Jessup"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Better Body Auto Collision LLC, and Sharon Minott (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further alleges pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article

6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7.  Plaintiff Kevin Jessup ("Plaintiff" or "Jessup") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

8.  Upon information and belief and at all times relevant herein, Better Body Auto Collision LLC ("BBAC") was a New York limited liability company.

9.  Upon information and belief and at all times relevant herein, Defendant BBAC was owned/controlled/managed by Defendant Sharon Minott ("Minott") who was in charge of the operations and management of Defendant BBAC.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, and at all times relevant herein, Defendants individually, and/or jointly shared a principal place of business in Queens County, New York at 123-40 Merrick Blvd., Springfield Gardens, NY, 11434.

12. Upon information and belief and at all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

### STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the automobile business.

14. At all times relevant herein, Defendants employed approximately more than 20 employees.

15. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants from in or around April 2018 to on or about September 6, 2021.

16. At all times relevant herein, Plaintiff Jessup was employed by Defendants in a mechanic/warehouse capacity.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate was about $21.72 an hour.

18. Upon information and belief, and at all times relevant herein, Plaintiff worked about 57 or more hours each week during his employment with Defendants and likely more, 6 days a week - with the exception of about 2-3 weeks each year.

19. At all times relevant herein, Plaintiff was paid correctly for about 10 overtime hours each week (hours over 40 in a week) but was not paid at all for about 7 overtime hours (hours over 40 in a week), worked each week, during his employment with Defendants.

20. Although Plaintiff was paid for some overtime hours, Defendants had a policy and practice of improperly deducting about 60 minutes each day from Plaintiff's work time. However, due to the demands and requirements of his job, Plaintiff did not receive a "bona fide" meal

break within the meaning of the FLSA and NYLL. As a result, Plaintiff is owed overtime wages for about 6 overtime hours worked each week during his employment with Defendants - with the exception of about 2-3 weeks each year, which he seeks to recover with this action and for which he was not paid any wages. In addition, Plaintiff worked beyond his schedule end time for about 1 hour or more of overtime each week during his employment with Defendants - with the exception of about 2-3 weeks each year, and was not paid any wages for this additional 1 hour of overtime.

21. A more precise statement of the hours and wages may be made when Plaintiff Jessup obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

22. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies.

24. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

25. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the state of New York.

26. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the state of New York.

27. Upon information and belief and at all times relevant herein, Defendants purchased auto parts and accessories from vendors outside the state of New York.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. At all times applicable herein, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems during Plaintiff's employment with Defendants on an almost daily basis.

32. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

34. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

35. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA – 29 USC § 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

41. At all times relevant herein, Defendants, individually, and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

43. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State minimum wage rate for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

48. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder, including as a manual worker.

50. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid overtime wages (FLSA and NYMWA), non-overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

51. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

52. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

## Relief Demanded

53. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages (FLSA and NYMWA), non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

54. Declare Defendants (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12

NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

55. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

56. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

57. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages (FLSA and NYMWA), non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

58. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.


Dated: Queens Village, New York
          October 13, 2021


Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427

Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com